UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

| | |
|---|---|
| PHILIP ADAMO, SAMANTHA BALBOA, ERIC JACKSON and NICHOLAS MARTEL, <br><br> Plaintiffs, <br><br> v. <br><br> WAXIN'S RESTAURANT, LLC, a Florida corporation, and PATRIK WAXIN, individually, <br><br> Defendants. | **COMPLAINT** |

Plaintiffs PHILIP ADAMO, SAMANTHA BALBOA, ERIC JACKSON and NICHOLAS MARTEL (collectively hereinafter "PLAINTIFFS"), through counsel, file this Complaint suing the Defendants WAXIN'S RESTAURANT, LLC and PATRIK WAXIN (collectively hereinafter "WAXIN'S") allege:

## INTRODUCTION

1. Plaintiffs are former employees of Defendants WAXIN'S and bring this action to redress and remedy deprivation of their rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., ("FLSA"), Florida Minimum Wage Act and for Wage Theft.

## JURISDICTION AND VENUE

2. This action arises under 29 U.S.C. § 201 for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there.

4. All material acts and occurrences described herein took place in Palm Beach County, Florida.

5. Plaintiffs are residents of Palm Beach County, Florida.

6. At all times material hereto, Defendant WAXIN'S RESTAURANT LLC was a Florida corporation conducting business in Palm Beach County, Florida.

7. Defendant PATRIK WAXIN, a *sui* juris individual, was at all times material hereto, the owner of WAXIN'S RESTAURANT LLC and acted directly and indirectly in the interest of WAXIN'S RESTAURANT LLC. Defendant PATRIK WAXIN had the power to direct employees' actions, had management responsibilities, a degree of control over WAXIN'S RESTAURANT LLC financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at WAXIN'S RESTAURANT LLC in accordance with the FLSA making Defendant PATRIK WAXIN an employer pursuant to 29 USC § 203(d).

8. At all times material hereto, Defendants WAXIN'S was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material hereto, WAXIN'S prepared food items and served drinks that included ingredients that had crossed state lines.

10. At all times material hereto, WAXIN'S employed two or more people that prepared food items and served drinks that included ingredients that had crossed state lines.

11. At all times material hereto, Defendants WAXIN'S was an employer as defined by 29 U.S.C. § 203(d).

12. At all times material hereto, WAXIN'S had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times material hereto, WAXIN'S employed two or more people.

14. At all times material hereto, the work performed by the Plaintiffs, was directly essential to the business performed by the Defendants.

15. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

16. The relevant time period for this action under the FLSA is a maximum of three years prior to date of filing ("Relevant Time Period").

17. Throughout the Relevant Time Period, Defendant WAXIN'S operated a restaurant located at 5300 Donald Ross Road, Unit 130, Palm Beach Gardens, FL 33418.

18. During the Relevant Time Period, specifically from January 15, 2024 to January 11, 2025, Plaintiff ADAMO worked as a tipped employee for Defendants WAXIN'S.

19. During the Relevant Time Period, specifically from January 23, 2024 to May 18, 2024, Plaintiff BALBOA worked as a tipped employee for Defendant WAXIN'S.

20. During the Relevant Time Period, specifically from July 12, 2023 to December 8, 2024, Plaintiff JACKSON worked as a tipped employee for Defendants WAXIN'S.

21. During the Relevant Time Period, specifically from September 21, 2022 to January 10, 2023 and from May 26, 2023 to December 15, 2024, Plaintiff MARTEL worked as a tipped employee for Defendants WAXIN'S.

22. During the Relevant Time Period, the applicable Florida minimum wage was $11.00 per hour as of September 30, 2022, $12.00 as of September 30, 2023, and $13.00 as of September 30, 2024.

23. During the Relevant Time Period, the applicable overtime wage was one-and-a-half times the Plaintiffs' regular rate of pay.

24. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

25. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

26. Tips are the property of the employee who receives them.

27. Throughout the Plaintiffs' employment as tipped employees for Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN, the Defendants claimed the tip credit even though the Plaintiffs were required to share their tips with non-tipped employees such as management.

28. Along with tipped employees, non-tipped employees such as management participated in the tip pool.

29. Defendants WAXIN'S failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 2017(a)(1), and 215(a).

30. As the result of the above violations, Defendants WAXIN'S did not satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period and thus cannot apply Plaintiffs' tips towards satisfaction of Defendants WAXIN'S minimum and overtime wage obligation, and must therefore pay Plaintiffs the full minimum wage for each regular hour worked.

31. Because of the institution and maintenance of the illegal tip credit violations, and the lack of notice required, Defendants WAXIN'S willfully engaged in practices that denied Plaintiffs the applicable minimum wages under the FLSA.

32. Plaintiffs have retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

33. All conditions precedent have been satisfied or waived.

## COUNT I

### VIOLATION OF MINIMUM WAGE, OVERTIME, AND TIP THEFT PROVISION OF THE FAIR LABOR STANDANDS ACT AND THE FLORIDA MINIMUM WAGE ACT

34. Plaintiffs reincorporates and re-alleges paragraphs 1 through 33 as though set forth fully herein and further alleges as follows:

35. Plaintiffs were employed by Defendants WAXIN'S and during that employment, the FMWA set forth the minimum compensation due to the Plaintiffs and the FLSA set forth the maximum number of hours Plaintiff could work before being entitled to overtime pay.

36. Defendants WAXIN'S suffered or permitted the Plaintiffs to work while not paying the required minimum wage under the FMLA for hours worked up to forty per workweek and further failed to pay the required overtime wages under the FLSA. The amounts owed each Plaintiff is attached here as Exhibit "A".

37. Defendants WAXIN'S also required Plaintiffs to share their tips with non-tipped employees.

38. Defendants WAXIN'S knew or showed reckless disregard for whether the FLSA prohibited its conduct.

39. By suffering or permitting the Plaintiffs to work while paying them below the minimum wage and requiring them to share their tips with non-tipped employees, Defendants WAXIN'S owes each of the Plaintiffs the full minimum wage for each hour worked up to forty hours in a workweek plus return of tips wrongfully taken plus an equal amount as liquidated damages.

40. As a direct and proximate result of suffering or permitting Plaintiffs to work while paying them below the minimum wage and requiring them to share their tips with non-tipped employees, Plaintiffs have been damaged for one or more weeks of work with Defendants WAXIN'S.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN, as follows:

a) Award to Plaintiff Adamo $2,435.15, in unpaid minimum wages, $9,023.00 in misappropriated tip and $11,458.15 as liquidated damages totaling $22,916.30;

b) Award to Plaintiff Balboa $1,155.36, in unpaid minimum wages, $4,441.00 in misappropriated tip and $5,596.36 as liquidated damages totaling $11,192.72;

c) Award to Plaintiff Jackson $5,591.07, in unpaid minimum wages, $19,798.00 in misappropriated tip and $25,389.07 as liquidated damages totaling $50,663.12;

d) Award to Plaintiff Martel $8,130.56, in unpaid minimum wages, $21,701.00 in misappropriated tip and $29,831.56 as liquidated damages totaling $59,663.12;

e) Award to Plaintiffs reasonable attorneys' fees and costs; and

f) Award such other and further relief as this Court may deem just and proper.

## **COUNT II**
## **DECLARATION OF RIGHTS**

41.     Plaintiffs reincorporate and re-allege paragraphs 1 through 33 as though set forth fully herein and further alleges as follows:

42.     Plaintiffs and Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN have a pending dispute under the FLSA and the FMWA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

43.     The Court also has jurisdiction over Plaintiffs' request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

44.     Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN did not rely on a good faith defense in suffering or permitting Plaintiffs to work without being paid the appropriate hourly wage.

45.     A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

46.     The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and others similarly situated from Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN, now and in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant WAXIN'S RESTAURANT LLC and Defendant PATRIK WAXIN, as follows:

a)      Issue declaratory judgment that Defendants WAXIN'S acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b)      Issue declaratory judgment that Defendants WAXIN'S acts, policies, practices and procedures of deducting tips from the tipped employees to pay the back of the house and/or management constitutes tip theft under the FLSA;

c)      Enjoin Defendants WAXIN'S from further violations of the FLSA;

d)      Award Plaintiffs reasonable attorneys' fees and costs;

e)      Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues triable of right by a jury.

/s/Arthur T. Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

- and -

Michael A. Pancier, Esq.
Fla. Bar No. 958484
Law Offices of Michael A. Pancier, P.A.,
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
(954) 862-2287
mpancier@pancierlaw.com

ATTORNEYS FOR PLAINITFFS

| Employee | Hours Worked | Wages Due | Tips Withheld | Liquidated | Total Owed |
|---|---|---|---|---|---|
| Phillip Adamo | 806.34 | $2,435.15 | $ 9,023.00 | $11,458.15 | $22,916.30 |
| Samantha Balboa | 382.57 | $1,155.36 | $ 4,441.00 | $ 5,596.36 | $11,192.72 |
| Eric Jackson | 1,851.35 | $5,591.07 | $19,798.00 | $25,389.07 | $50,778.14 |
| Nicholas Martel | 2,510.50 + 30.45 OT | $8,130.56 | $21,701.00 | $29,831.56 | $59,663.12 |

**EXHIBIT "A"**